UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CARL JOHNSON,

    Plaintiff,

        v.                                CAUSE NO. 3:22-CV-111-RLM-MGG

SONNENBERG,

    Defendant.

OPINION AND ORDER

Robert Carl Johnson, a prisoner without a lawyer, filed an amended complaint alleging Law Librarian Supervisor Sonnenberg denied him access to the law library, access to the court, and retaliated against him for suing her. ECF 27. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Johnson alleges he was denied access to the law library at the Westville Correctional Facility. There is no "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). "[O]nly if the defendants'

conduct prejudices a potentially meritorious [claim] has the right been infringed." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. Johnson alleges he was denied access to the court on two occasions. First, when he lost his appeal in Johnson v. Schell, 193 N.E.3d 414 (Ind. Ct. App. 2022).

> I have repeatedly urged defendant to copy my legal material for a prior lawsuit that was dismissed due to her refusal to copy or print my legal work for an Indiana Court Appeal under case number 21A-PL-2328 (Carl aka Robert Carl Johnson v. Corrections Officer Schell). The appeal was dismissed because I could not develop a "cogent" brief by attaching the "supporting" documents I needed for a proper "Appendix."

ECF 27 at 2. It is true he lost that appeal. It is true he did not file a proper appendix. It is true the opinion of the Court of Appeals of Indiana noted the lack of a proper appendix. However, it also made clear he would have lost even if he had filed a proper appendix. The opinion explained, "His brief is almost incomprehensible and contains barely ascertainable argument." Johnson v. Schell, 193 N.E.3d 414, ¶ 7. "Failure to present a cogent argument results in waiver of the issue on appeal." Id. at ¶ 9. His brief was not cogent because it was incomprehensible, not because the appendix was improper. So, even if Librarian Sonnenberg refused to make copies for his appendix, that didn't prejudice his appeal.

Second, Mr. Johnson alleges he was denied access to the court in this case. He notes it was dismissed when he didntrespond to court orders. He argues he didn't respond because he didn't receive the orders. He alleges Librarian Sonnenberg prevented them from being delivered to him. However, because this case was reopened, he wasn't injured by the delayed receipt of the court orders. "[A] delay becomes an injury only if it results in actual substantial prejudice to specific

litigation." Johnson v. Barczak, 338 F.3d 771, 773 (2003) (quotation marks omitted). In Johnson v. Barczak, the Seventh Circuit found a delay of more than a year didn't constitute actual injury because there was no indication the adjudication of his post-conviction proceeding was adversely impacted by the delay. *Id*.

Finally, Mr. Johnson alleges Librarian Sonnenberg retaliated against him for suing her. He alleges she did this in two ways. First, by preventing him from getting court orders in this case which caused it to be dismissed – though it was later reopened. Second, by emailing other prison officials on August 30, 2022, to report he was attempting to start a riot. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted). These allegations state a claim on which relief could be granted.

For these reasons, the court:

(1) GRANTS Robert Carl Johnson leave to proceed against Law Librarian Supervisor Sonnenberg in her individual capacity for nominal and punitive damages for violating the First Amendment by retaliating against him for suing her by preventing him from getting court orders in this case and by emailing other prison officials on August 30, 2022, to report he was attempting to start a riot;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Law Librarian Supervisor Sonnenberg at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 27);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Law Librarian Supervisor Sonnenberg to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 21, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT