UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CARL JOHNSON,

    Plaintiff,

        v.                     CAUSE NO. 3:22-CV-111-RLM-MGG

SONNENBERG,

    Defendant.

OPINION AND ORDER

Robert Carl Johnson, a prisoner without a lawyer, filed a motion asking to reconsider the dismissal of his denial of access to the court claim related to when he lost his appeal in Johnson v. Schell, 193 N.E.3d 414 (Ind. Ct. App. 2022). "[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. Johnson argues that Law Librarian Supervisor Sonnenberg denied him access to the courts by not copying/downloading documents necessary for a 'cogent' brief and appendix . . .." ECF 30 at 1. In the screening order, the court only addressed why the absence of a proper appendix didn't deny him access to the court by explaining: "the Court of Appeals of Indiana noted the lack of a proper appendix[, but] made clear he would have lost even if he had filed a proper appendix [because h]is brief is almost incomprehensible and contains barely ascertainable argument." ECF 28 at 2 (quotation mark omitted).

Mr. Johnson's argument that the lack of copying/downloading of documents prevented him from preparing a cogent brief isn't supported by the facts he presents. "Plaintiff swears under penalty of perjury that he placed the 'missing documents' inside his Appendix and mailed them to the Court of Appeals. So, there were no 'missing documents' at the time he mailed them to the court." ECF 30 at 2. Mr. Johns swears under penalty of perjury he had the documents and tried to mail them. Since he swears under penalty of perjury that he had the documents, he can't successfully argue the absence of them prevented him from writing a cogent brief.

Finally, Mr. Johnson argues he "was not allowed to connect his appellate Brief 'argument' in direct connection and coherency with his Appendix references . . .." ECF 30 at 2. Stated another way, he says his brief would have been coherent if the appendix had included the necessary documents. That's not how the Court of Appeals of Indiana operates. As it has explained, "On review, we will not search the record to find a basis for a party's argument." Fulk v. Allied Signal, Inc., 755 N.E.2d 1198, 1203 n.4 (Ind. Ct. App. 2001). Because Mr. Johnson didn't present a cogent argument in his brief, the Court of Appeals of Indiana wouldn't have used his appendix to make the brief coherent even if it had included all the documents he says he sent.

For these reasons, the court DENIES the motion to reconsider (ECF 30).

SO ORDERED on December 12, 2022

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT