UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CARL JOHNSON,

      Plaintiff,

      v.                       CAUSE NO. 3:22-CV-111-RLM-MGG

SONNENBERG,

      Defendant.

OPINION AND ORDER

Robert Carl Johnson, a prisoner without a lawyer, is proceeding in this case "against Law Librarian Supervisor Sonnenberg in her individual capacity for nominal and punitive damages for violating the First Amendment by retaliating against him for suing her by preventing him from getting court orders in this case and by emailing other prison officials on August 30, 2022, to report he was attempting to start a riot[.]" ECF 28 at 3. Law Librarian Supervisor Sonnenberg filed a motion for summary judgment, arguing Mr. Johnson did not exhaust his administrative remedies before filing this lawsuit.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences

in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't just rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process,

2

administrative remedies are not considered available. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

All pertinent events took place in 2022. On June 20, Mr. Johnson submitted Grievance 143395, complaining he wasn't able to access Lexus Nexus on the law library computer. The grievance office denied Grievance 143395 on its merits on August 5, concluding a work ticket had been submitted for the issue. Mr. Johnson appealed the grievance office's response to the warden, stating he didn't believe what they were telling him. The warden denied Mr. Johnson's Level 1 appeal. Mr. Johnson submitted a Level II appeal to the Department Grievance Manager, which was likewise denied. Accordingly, Mr. Johnson fully exhausted Grievance 143395.

Mr. Johnson submitted a new grievance on August 30 complaining that the law library computer had been down since August 1 and Law Library Supervisor Sonnenberg was denying him access to legal materials in retaliation for filing suit against her. The grievance office rejected Mr. Johnson's August 30 grievance as duplicative of Grievance 143395. The Grievance Specialist attests she could have rejected Mr. Johnson's August 30 grievance on the alternative ground that it raised two issues, but the "Return of Grievance" form only informed Mr. Johnson his August 30 grievance was being rejected as duplicative of Grievance 143395.

The undisputed facts show that the grievance office made Mr. Johnson's administrative remedies unavailable as to his claim against Law Library Supervisor Sonnenberg. Mr. Johnson complained of Law Library Supervisor Sonnenberg's alleged retaliation in his August 30 grievance, but the grievance office rejected that grievance as duplicative of Grievance 143395. The August 30 grievance was similar to Grievance 143395 insofar as they both complained of deficiencies in the law library computer, but was distinct as it alleged Law Library Supervisor Sonnenberg was denying him access to legal materials in retaliation for filing suit against her. Law Library Supervisor Sonnenberg argues that Mr. Johnson should have corrected and resubmitted his August 30 grievance within five business days of its rejection, but the "Return of Grievance" form didn't give Mr. Johnson any indication what corrections he was expected to make. By rejecting the August 30 grievance as duplicative of Grievance 143395, which Mr. Johnson already exhausted, the grievance office prevented Mr. Johnson from submitting any additional grievances regarding his access to law library materials. The Grievance Specialist appears to suggest Mr. Johnson should have corrected his August 30 grievance to complain only that Law Library Supervisor Sonnenberg was retaliating against him and to omit any complaint that he was being denied access to law library materials, but the "Return of Grievance" form didn't explain this to Mr. Johnson. The grievance office can't force Mr. Johnson to guess what is required of him to exhaust his remedies. *See* Ramirez v. Young, 906 F.3d 530, 538 (7th Cir. 2018) ("The PLRA does not invite prison and jail staff to pose guessing games for

4

prisoners. Prisons must affirmatively provide the information needed to file a grievance. If it were otherwise a prison could shroud the prisoner in a veil of ignorance and then hide behind a failure to exhaust defense to avoid liability") (internal quotation marks and citations omitted).

Accordingly, the undisputed facts show Mr. Johnson submitted a grievance regarding his claim against Law Library Supervisor Sonnenberg, the grievance office rejected that grievance as duplicative of a previously exhausted grievance, and the grievance office gave Mr. Johnson no indication of how to correct and resubmit his grievance. The grievance office made Mr. Johnson's administrative remedies unavailable with regard to his claim against Law Library Supervisor Sonnenberg. The defendants have therefore not met their burden to show Mr. Johnson had available administrative remedies he didn't exhaust before filing this lawsuit.

For these reasons, the court DENIES Law Library Supervisor Sonnenberg's motion for summary judgment.

SO ORDERED on June 14, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT