UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CARL JOHNSON,

    Plaintiff,

    v.       Case No. 3:22-CV-111-CCB

SONNENBERG,

    Defendant.

## OPINION AND ORDER

Robert Carl Johnson, a prisoner without a lawyer, is proceeding in this case against Law Library Supervisor Donya Sonnenberg "in her individual capacity for nominal and punitive damages for violating the First Amendment by retaliating against him for suing her by preventing him from getting court orders in this case and by emailing other prison officials on August 30, 2022, to report he was attempting to start a riot[.]" ECF 28 at 3. Law Library Supervisor Sonnenberg filed a motion for summary judgment. ECF 90. Johnson filed a response, Law Library Supervisor Sonnenberg filed a reply, and Johnson filed an authorized sur-response. ECF 101, ECF 102, ECF 108. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but

must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

To prevail on a First Amendment retaliation claim, Johnson must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). To satisfy the second prong, Johnson must provide evidence he suffered a deprivation that would "deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (*quoting Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). To satisfy the third element, Johnson must show "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (internal quotations omitted).

Johnson is proceeding against Law Library Supervisor Sonnenberg for retaliating against him for filing this lawsuit by (1) concealing this court's May 16, 2022, order from him, and (2) emailing other prison officials on August 30, 2022, to falsely report he was trying to start a riot. Each claim will be addressed in turn.

Regarding the May 16, 2022, court order, Law Library Supervisor Sonnenberg argues summary judgment is warranted in her favor because there's no evidence she (a) concealed the court order or (b) did so with a retaliatory motive. ECF 91 at 4-7. Specifically, Law Library Supervisor Sonnenberg concedes Johnson never received this court's May 16, 2022, order, but argues there's no evidence she purposefully concealed the order from him. *Id.* at 4-5. She also argues there's no evidence she even knew Johnson had filed a lawsuit against her at that time. *Id.* at 6. However, Johnson testified that Law Library Supervisor Sonnenberg told him on August 30, 2022, that she "knew all along" that he had filed this lawsuit against her and that she had concealed the May 16

2

court order and other legal documents in order to shut this lawsuit down and ensure he would lose. ECF 101-1 at 1-2; ECF 87 at 67-68. A reasonable jury could credit this testimony and conclude there was a causal link between Johnson's filing of this lawsuit and Law Library Supervisor Sonnenberg's alleged conduct of concealing this court's May 16, 2022, order. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 761–62 (7th Cir. 2006) (stating the court must credit the non-moving party's version of the facts "and resist the temptation to evaluate the relative veracity of each party's facts, provided the claims are not implausible on their face," even if the allegations cause the court "to raise a brow") (*citing Payne v. Pauley*, 337 F.3d 767, 770–71 (7th Cir. 2003)).

Regarding Johnson's claim that Law Library Supervisor Sonnenberg emailed prison officials on August 30, 2022, to falsely report that he was trying to start a riot, Law Library Supervisor Sonnenberg argues summary judgment is warranted in her favor because there's no evidence she ever (a) sent any email to prison officials or (b) was motivated by any retaliatory motive. ECF 91 at 5-7. In response, Johnson attests that on August 30, 2022, Law Library Supervisor Sonnenberg communicated in person to the sergeant on duty that Johnson was "getting all of R3 floor" riled up to "start a riot against me." ECF 101-2 at 1. Johnson believed Law Library Supervisor Sonnenberg was trying to motivate the sergeant to file a conduct report against him, which could have subjected him to serious discipline. *Id.* In her reply, Law Library Supervisor Sonnenberg argues this attestation is not made on personal knowledge because Johnson doesn't clarify whether he was present when she allegedly spoke to this sergeant. ECF 102 at 5-6. In his sur-response, Johnson clarifies that he overheard Law Library Supervisor Sonnenberg make these statements and has personal knowledge that the statements were made. ECF 108 at 1-2. Accordingly, a reasonable jury could credit Johnson's version of events and conclude Law Library Supervisor Sonnenberg falsely informed other prison officials that Johnson was trying to start a riot in retaliation for his filing of this lawsuit.

Law Library Supervisor Sonnenberg also argues summary judgment is warranted in her favor because Johnson did not suffer a deprivation that would likely deter First Amendment activity in the future, as her alleged conduct would not deter a person of ordinary firmness from exercising his rights. ECF 91 at 7-8. Specifically, Law Library Supervisor Sonnenberg notes that Johnson has continued to litigate this and other cases despite her alleged conduct. *Id.* However, because the standard is objective, the fact that Johnson was not deterred from litigating this case does not undermine his claim. *See Douglas v. Reeves*, 964 F.3d 643, 646-47 (7th Cir. 2020) ("a specific plaintiff's persistence does not undermine his" retaliation claim, as "a contrary rule would stymie every First Amendment retaliation suit: Only plaintiffs who refuse to be silenced make their way to federal court.") Law Library Supervisor Sonnenberg's alleged conduct of concealing this court's May 16 order from Johnson resulted in the dismissal of this case. *See* ECF 15. And Johnson attests that if Law Library Supervisor Sonnenberg had been successful in convincing prison officials to issue him a conduct report for trying to start a riot it could have resulted in serious sanctions including the loss of 12 months in earned credit time and up to a year in restrictive housing. ECF 101-2 at 1. Johnson attests that these retaliatory acts caused him to lose sleep, lose weight, become paranoid, and visit a psychologist for help with his anxiety. *Id.* at 2. Construing the facts in the light most favorable to Johnson, a reasonable jury could conclude that Law Library Supervisor Sonnenberg's alleged conduct of concealing court orders so Johnson's lawsuits would be dismissed and falsely accusing Johnson of trying to start a riot would deter a person of ordinary firmness from exercising his First Amendment rights. *See Douglas*, 964 F.3d at 647 ("Whether retaliatory conduct is sufficiently severe to deter is generally a question of fact," and can only be determined as a matter of law when "the asserted injury is truly minimal"); *Bridges*, 557 F.3d at 552 (noting the question is whether the defendant's collective activity as a whole would deter a person of ordinary firmness from exercising his rights, and concluding the combination of false disciplinary charges, interference with mail, and

4

harassment by guards was sufficient to deter a person of ordinary firmness); *Jones v. Smith*, Case No. 08-CV-615-BBC, 2009 WL 1732431, at *3 (W.D. Wis. June 18, 2009) (concluding that submitting a false conduct report which resulted in a temporary lock up was by itself sufficient to deter a person of ordinary firmness from exercising his rights).

For these reasons, the court DENIES Law Library Supervisor Sonnenberg's motion for summary judgment (ECF 90).

SO ORDERED.

September 4, 2024

                                           */s/Cristal C. Brisco*
                                           CRISTAL C. BRISCO, JUDGE
                                           UNITED STATES DISTRICT COURT